By the Court.—Sanford, J.
—If the provision of chapter 52, section 4, of the Laws of 1852, which ■ authorizes the payment by the corporation, to the chamberlain of the city of Hew York, of an award to unknown owners, “to be secured, disposed of and improved as the superior court shall direct,” can be construed as conferring jurisdiction upon this court, to determine the rights of adverse claimants to such award, and to direct the payment thereof to snch party as shall be adjudged entitled thereto, the statute-referred to is silent as to the mode in which such jurisdiction shall be exercised ; and we are not aware of any principle, authority, or precedent, upon which a proceeding for obtaining such an adjudication can be-summarily instituted by petition, or otherwise than, in the ordinary course of practice, by civil action. The objections to such a summary exercise of jurisdiction are sufficiently indicated in the opinion which accompanied the order appealed from. But it will be-observed that the words “ disposed of,” as employed in the statute, and under which alone it can be insisted that the statute confers authority to direct payment to a claimant, are so connected with the words, “to be secured” and “improved,” as to leave little doubt that the legislature intended to confine the action of this court under the statute, to such disposition of the money, as, in its discretion, may be proper, only so-long as the same remains in the hands of the chamberlain. If the disjunctive “or,” had been used instead of the copulative “and,” there would be some ground for supposing that the disposition of the fund intended *95 might be deemed to include its withdrawal and payment ; but when the authority conferred is in terms confined to a direction as to the securing, disposing of, and improving the fund, the maxim, noscitur a sociis, seems applicable, and we must, therefore, construe the language as importing only a supervisory authority over the chamberlain, with respect to his custody, care, management and investment of the fund, and not as authorizing its withdrawal from his hands.
On this ground, as well as on those suggested in the opinion of the learned chief justice, we think the court should decline to adjudicate upon the rights of claimants, in any such summary manner as is contemplated in this proceeding, and that the order appealed from should, accordingly, be affirmed.
Sedgwick, J., concurred.